**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAY HLADEK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4490 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CALUMET CITY, ILLINOIS, | ) | |
| a municipal corporation, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

For the reasons stated below, Defendants Michelle Markiewicz Qualkinbush's and Christopher Fletcher's motion to dismiss [15] pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied. Counsel are directed to file no later than August 19, 2020, a revised discovery plan [see 42] that includes a proposed fact discovery cutoff date. The Court will set this case for a telephonic status hearing after reviewing the joint status report.

**I.    Background[1]**

On July 2, 2019, Plaintiff Ray Hladek ("Plaintiff") filed a complaint against various defendants alleging that each violated his rights secured by 42 U.S.C. §§ 1983 and 1981 by bypassing him for a promotion to police sergeant and instead promoting a less qualified African American candidate. [1]. The two defendants relevant to this motion, Mayor Michelle Markiewicz Qualkinbush and Police Chief Christopher Fletcher ("Moving Defendants"), now seek dismissal of Plaintiff's claims against them in both their individual and official capacities, arguing they

---

[1] For purposes of ruling on Defendant's motions to dismiss, the Court accepted as true all of Plaintiff's well-pleaded factual allegations and drew all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

lacked the authority to participate in the promotional decision and consequently cannot be liable for any resulting (alleged) violation of Plaintiff's rights. [15].

Plaintiff, a white male, has been employed by the City of Calumet City ("Calumet City") Police Department as a police officer since June 25, 1997. [1] ¶ 4. Plaintiff claims that for more than twenty years his performance as an officer has consistently exceeded expectations and requirements. [1] ¶ 45. In 2018, Calumet City promoted several officers to sergeant, and Plaintiff was up for promotion in both August and September of that year. [1] ¶¶ 18-19. For promotions, the Calumet City Police Department follows an Illinois state law "Rule of Three," which authorizes the appointing authority to promote any of three top-ranked candidates for a given position based on merit. 65 ILL. COMP. STAT. 5/10-2.1-15; see also *Sundstrom v. Village of Arlington Heights*, 826 F. Supp. 1143, 1146, 1148 (N.D. Ill. 1993); *Bakalich v. Vill. of Bellwood*, 2006 WL 1444893, at *2 (N.D. Ill. May 17, 2006). Under the Rule of Three, the hiring authority has freedom to choose a lower-ranked officer for promotion, bypassing higher-ranked applicants. 65 ILL. COMP. STAT. 5/10-2.1-15. The hiring authority for the Calumet City is the Illinois Board of Fire and Police Commissioners, which does not include either of the Moving Defendants. [15].

Earlier in 2018, Calumet City had promoted two first-ranked white males to sergeant. [1] ¶¶ 15-17. In the August 2018 promotional round, Plaintiff was slotted for promotion to sergeant, ranked third alongside a first-ranked black male and a second-ranked white male. [1] ¶ 18. Calumet City promoted the second-ranked white male. [1] ¶ 18. Plaintiff was once again slotted for promotion on September 13, 2018, this time ranked second alongside a first-ranked African American male and a third-ranked white male. [1] ¶ 19. The first-ranked African American candidate was chosen for promotion. [1] ¶ 19. However, Plaintiff alleges that the African American

2

candidate was less qualified for the position as sergeant because of his known criminal history. [1] ¶¶ 20-22. That individual had a history of arrests and a criminal conviction that the Moving Defendants became aware of during the prior promotional period in August of 2018. [1] ¶¶ 23, 28. Plaintiff claims that the African American candidate was excluded from promotion because of his criminal record until Plaintiff's promotion was imminent on September 13, 2018, at which point the African American candidate was included in the slot above Plaintiff and then promoted. [1] ¶¶ 28, 29.

Plaintiff believes that he was the more qualified candidate for the September 13, 2018, promotion and submits that the Moving Defendants conspired with the Board of Fire and Police Commissioners to bypass him and promote the African American male to sergeant in accordance with their political agendas. [1]. Plaintiff, a union representative, had been vocal in complaints about a Calumet City policy that affected matters of public safety, and he alleges that he was retaliated against for this speech when he was bypassed for the less qualified African American candidate. [1] ¶¶ 19, 33. Plaintiff alleges that the Moving Defendants met with Defendants Commissioners Blake, Cox, and Galgan prior to September 13, 2018 to discuss their specific intent to make an illegal promotion based on race instead of merit. [1] ¶ 24. Plaintiff also alleges that the Moving Defendants exchanged emails to the same effect. [1] ¶ 27.

## II.    Legal Standard

The two moving defendants seek dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [15]. A motion to dismiss challenges the legal sufficiency of the complaint, not the merits of the allegations. See, e.g., *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court "construe[s] the

complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A Plaintiff can survive a motion to dismiss under Rule 12(b)(6) by alleging facts which, when accepted as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.    Analysis**

**A.    Count I: Retaliation in Violation of 42 U.S.C. § 1983**

Plaintiff claims he was retaliated against in violation of 42 U.S.C. § 1983 for exercising both his right to freedom of speech and freedom of association when he was passed over for the promotion on September 13, 2018. These rights are derived from both the First and Fourteenth Amendments to the United States Constitution, *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) (citing *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)), and 42 U.S.C. § 1983 provides that any person who causes the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *." 42 U.S.C. § 1983 (2018); see also *Johnson v. City of Chicago*, 711 F. Supp. 1465, 1467 (7th Cir. 1989). Thus, to state a claim for relief for a violation of § 1983, a plaintiff must establish that he was deprived of such a right by a person acting under the color of the law. *American Mfrs. Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Local municipalities and local government officials are both considered "persons" for the purpose of a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 690 n.55 (1978). To establish individual liability under § 1983, a plaintiff must establish that the

"defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility can range from deliberate conduct or facilitation to acquiescence or willful blindness. *Id.* (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1998)).

In an employment context, a plaintiff bringing a § 1983 claim for First Amendment retaliation must allege that he engaged in constitutionally protected conduct and that his conduct was a motivating factor in the defendant's adverse employment action. *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). The First Amendment protects a public employee's speech on matters of public concern. *Connick v. Myers*, 461 U.S. 138, 142 (1983); see also *Spiegla*, 371 F.3d at 935. Generally, public safety is a matter of public concern. *Gustafson v. Jones*, 290 F.3d 895, 913 (7th Cir. 2002) (citing *Auriemma v. Rice*, 910 F.3d 1449, 1460 (7th Cir. 1990)). Additionally, associating with a union and speaking on a union's behalf are protected by the First and Fourteenth Amendment rights to both freedom of speech and freedom of association. *Marshall v. Allen*, 984 F.2d 787, 799 (7th Cir. 1993).

Plaintiff has plausibly alleged that the Moving Defendants violated § 1983 by retaliating against him following his exercise of his rights to freedom of speech and freedom of association. Taking the well-pleaded allegations in the complaint as true, the Moving Defendants, who legally have no authority to control promotions within the Calumet City Police Department, [15], were nonetheless directly involved in the promotion of individuals who supported them politically. [1] ¶ 25. Consequently, after Plaintiff spoke against a Calumet City policy, he was bypassed for a less-qualified candidate for promotion on September 13, 2018. [1] ¶¶ 19, 33. Plaintiff's complaint reads: "All of the Defendants unlawfully retaliated against Plaintiff Hladek because he, as a union

representative, complained about Defendant Calumet City's policy which affected matters of public concern and safety." [1] ¶ 33. When taken as true, the complaint adequately alleges that the Moving Defendants violated Plaintiff's protected rights to speak on a matter of public concern and to associate with and speak on behalf of a union without consequence. Further, the complaint alleges that "[t]he Defendants' conduct constitutes a pattern and practice of retaliation against those who exercise their First and Fourteenth Amendment rights of free speech and association." [1] ¶ 34. Because 42 U.S.C. § 1983 provides that any person who deprives another of these protected rights will be liable to the injured party, and accepting Plaintiff's allegations as true, adequately states a claim for First Amendment retaliation.

The Moving Defendants argue the Court must dismiss the claims against them because they legally had no authority to participate in the decision to promote the African American individual over Plaintiff on September 13, 2018. [15]. The Moving Defendants do not challenge the sufficiency of Plaintiff's allegations. Rather, they challenge the complaint as it relates to them in their individual and professional capacities, because an Illinois statute vests the power to make promotional decisions squarely within the Board of Fire and Police Commissioners, not with the Moving Defendants. [15]; [24]; 65 ILL. COMP. STAT. 5/10-2.1.4.

However, Plaintiff adequately alleges facts plausibly suggesting that the Moving Defendants actively participated in and corruptly influenced the promotional decision, despite their lack of legal authority to do so, and may be liable for the resulting injury. [1]; [24]. The Moving Defendants point to the statute in an attempt to relieve themselves of liability for this violation of Plaintiff's rights, but the crux of Plaintiff's argument is that they *did* participate in the promotional decision, albeit inappropriately. [1]. Plaintiff claims on information and belief that the Moving

6

Defendants exchanged emails and met in person (among themselves and with Board Commissioners) prior to the September 13 promotion to discuss the plan to promote an individual based on race instead of merit (as discussed in more detail below). [1] ¶¶ 24, 27. Plaintiff claims there are emails directly implicating both of the Moving Defendants in the decision to make this illegal promotion. [1] ¶ 27. Separately, Plaintiff also alleges that Defendants bypassed him for promotion in retaliation for his First Amendment activities. Specifically, Plaintiff's complaint states: "Defendants Qualkinbush and Fletcher took actions contrary to state law and local ordinance to control and direct the hiring and promotion of police officers to personally select officers for promotion who exhibited political support for them." [1] ¶ 25. Although the statute indicates that the Moving Defendants were not technically allowed to participate in the promotional decision, Plaintiff's complaint alleges that they did anyway. For the purpose of the motion to dismiss, the Court must accept Plaintiff's allegation as true.

The Moving Defendants cite *Doyle v. City of Chicago*, 139 F. Supp. 3d 893 (N.D. Ill. 2015), to support their assertion that only the final decisionmaker can be liable for injuries resulting from racial discrimination in promotions. [15]. *Doyle* is distinguishable in that the defendants there merely had made recommendations for an employment decision for administrative reasons, but the decision was "clearly left in the hands" of other defendants. *Id.* at 897. The decision to dismiss the recommending parties also was made on a motion for summary judgment, not a Rule 12(b)(6) motion to dismiss. *Id.* at 896.[2]

---

2 Plaintiff also cites *Alexander v. Milwaukee*, 474 F.3d 437, 446 (7th Cir. 2007), a summary judgment decision that is inapposite, as it did not involve the Illinois statute in question and thus the defendant police chief was permitted to promote whomever he wished with the Board's approval afterwards.

Instead, *Schmoeller v, Village of Island Lake* supports the view that the Illinois statute in question does not limit § 1983 or § 1981 liability to defendants who are members of the Board of Fire and Police Commissioners. See 2016 WL 3268999 (N.D. Ill. June 15, 2016). In *Schmoeller*, the defendant mayor filed a 12(b)(6) motion to dismiss, arguing both that (1) he lacked the legal authority to make the promotional decision that caused the plaintiff's injury and (2) the complaint did not sufficiently allege that he was involved in the promotional decision. *Id.* at *5. The court in *Schmoeller* did *not* dismiss the complaint based on lack of legal authority to promote. *Id.* Instead, the court held that the plaintiff failed to state a plausible claim for relief because he alleged no facts suggesting that the mayor had any involvement in a politically motivated promotion of a less-qualified officer to sergeant. *Id.* at *5-6. In his complaint, the plaintiff had, at most, suggested that the mayor was an "unwitting[] influence[]" on the Board of Fire and Police Commissioner's independent decision. *Id.* at *5.   Here, by contrast, Plaintiff specifically points to emails directly implicating the Moving Defendants the illegal decision to promote an individual based on race alone. [1] ¶ 27; see also [19] at 5 ("Qualkinbush and Fletcher exchanged emails and conspired with the Board's members to promote a less qualified black individual over Plaintiff."). Additionally, Plaintiff alleges that the Moving Defendants met with other defendants prior to September 13, 2018, to discuss making the illegal promotion. [1] ¶ 24. This is more than "unwittingly influencing" the Board's decision. *Schmoeller*, 2016 WL 3268999, at *5. While discovery may belie these allegations, they must be accepted as true for the purpose of a motion to dismiss and are sufficient to sustain the claims against the Moving Defendants despite what the Illinois statute provides.

**B.** **Count II: Racial Discrimination in Violation of 42 U.S.C. § 1981**

Plaintiff's second count alleges that the Moving Defendants violated 42 U.S.C. § 1981 when they conspired to promote an African American officer to sergeant despite Plaintiff being more qualified for the position. [1]. Plaintiff believes the African American candidate was less qualified for the promotion because of his criminal history, which included multiple arrests and a criminal conviction. [1] ¶¶ 20-22. Plaintiff has no criminal history and has a history of excellence at the Calumet City Police Department. [1] ¶ 45. Section 1981 establishes the right to be free from discrimination based on race and to be free from workplace retaliation. 42 U.S.C. § 1981 (2018); see also *Miller v. Chicago Transit Auth.*, 2018 WL 905517, at *5 (N.D. Ill. Feb. 15, 2018). In order to avoid a 12(b)(6) dismissal, a plaintiff alleging a § 1981 violation need only state that the defendant "instituted (a specific) adverse employment action against the plaintiff on the basis of [his race]". *Tamayo*, 526 F.3d at 1084.[3]

Plaintiff has plausibly alleged that the Moving Defendants engaged in racial discrimination in conspiring to promote the African American individual during the September 13, 2018 promotional round based solely on his race. Because the pleading standard merely requires that Plaintiff state that he was subject to an adverse employment action on account of his race, *Tamayo*, 526 F.3d at 1084, his claim is sufficient to survive a Rule 12(b)(6) motion to dismiss. Plaintiff's complaint states: "The Defendants failed to promote the Plaintiff on September 13, 2018, despite him being a more qualified candidate and instead promoted an African American candidate solely based on his race and not his qualifications. The Plaintiff was subjected to an adverse job action as the result of racial discrimination." [1] ¶¶ 38, 39. Drawing all inferences in Plaintiff's favor, it

---

[3] *Tamayo v. Blagojevich* involves a Title VII racial discrimination claim but is still applicable to Plaintiff's § 1981 racial discrimination claim, as courts analyze the two under the same pleading standard. See, *e.g.*, *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 176 (7th Cir. 1996); see also *Johnson v. Bellwood School Dist. 88*, 2016 WL 3476660, at *4 (N.D. Ill. 2016).

is plausible that the Moving Defendants violated the Illinois statute in meeting to confer and exchanging emails about their specific intent to promote along racial lines. Plaintiff's allegation that he was "intentionally and willfully discriminated against" because of his race, [1] ¶ 40, is sufficient for the purpose of the pleading standard.

The Moving Defendants make the same statutory argument regarding lack of authority to promote with respect to Count II, which it fails for the same reasons addressed above as to Count I. Although the Illinois statute bestows upon the Board of Fire and Police Commissioners the power to make promotional decisions, Plaintiff has clearly alleged facts that suggest the Moving Defendants were nevertheless directly involved in the promotion at issue. The Moving Defendants' motion to dismiss is therefore denied.

## IV.    Conclusion

Defendants Michelle Markiewicz Qualkinbush and Christopher Fletcher's motion to dismiss [15] is denied. Counsel are directed to file no later than August 19, 2020, a revised discovery plan [see 42] that includes a proposed fact discovery cutoff date.  The Court will set this case for a telephonic status hearing after reviewing the joint status report.


Dated: August 6, 2020

_____
Robert M. Dow, Jr.
United States District Judge

10